William C. Hecht, Jr., J.
The surviving plaintiff in this “ class action” (see opinion of Mr, Justice Epstein, July 15, 1959) moves for summary judgment or, in the alternative, for a temporary injunction. The defendant corporation cross-moves (1) for summary judgment dismissing the complaint and the supplemental complaint, or to strike out parts of the original complaint and (2) for an order requiring plaintiff to furnish security for costs.
The original complaint relates to a proposed modification of the proprietary leases issued by defendant corporation to plaintiff and others which, if consummated, would have had the effect of increasing the share of the maintenance charges payable by plaintiff and certain other lessee-stockholders and decreasing the shares payable by the remaining lessee-stockholders. The proposed modification was never consummated, and, according to the answering affidavit of one of the defendant’s attorneys, was “ abandoned entirely ”.
The supplemental complaint relates tp an attempt by defendant corporation to terminate all the outstanding proprietary leases and replace them with a new form of proprietary lease. Under the present proprietary lease, which runs to September 30, 2028, each lessee is obligated to contribute to the maintenance charges in proportion to the amount of stock held by such lessee in defendant corporation. Under the new form of lease, each lessee’s share of the maintenance charges would be determined by the percentage apportioned to the apartment by the board of directors. Plaintiff, states, without denial, that defendant corporation had issued a notice that the effect of the substitution of the new form of lease would be to increase the amount payable by plaintiff and two other lessees and to decrease the amounts payable by the remaining lessees.
Defendant contends that its termination of the existing leases is authorized by the language of subdivision (g) of article IV of said leases, which empowers defendant, on the affirmative vote of the holders of at least two thirds of the outstanding *199 stock, “ to terminate all proprietary leases or to sell the premises and apartment Duilding.”. . However, section 11 of article VI of the leases provides that “ Upon the termination of this lease upon the happening of any of the events mentioned in subdivision (g) or (i) of Article IV hereof * * * the shares of stock held by the lessee shall be discharged from the provisions of this indenture, and certificates in the form customary in respect to certificates of common stock of New York corporations, representing such shares, shall be issued and delivered by the lessor to the lessee on demand ”, The events referred to in subdivision (g) are a termination of all leases or a sale of the property. The event referred to in subdivision (i) is condemnation of the building or a substantial portion thereof.
It seems clear from section 11 of article VI that the authorization to terminate the proprietary leases was intended to apply only in the event that the co-operative enterprise was terminated through sale or condemnation of the building. That section provides for discharging the lessee’s stock from the provisions of the terminated lease and for its replacement by ordinary stock certificates. It does not contemplate the substitution of a new lease to Avhich the outstanding stock shall remain subject, or the issuance of new certificates subject to such new lease.
To permit the corporation, by vote of the holders of two thirds of the outstanding stock, to modify existing proprietary leases, through the device of terminating them and replacing them with differently worded leases, would subject proprietary leases to the arbitrary action of the holders of two thirds of the outstanding stock. The latter would be able to decrease their ovm charges substantially and increase substantially the charges payable by the minority stockholders.
The action taken by defendant may be upheld only if clear and unambiguous language of the leases or of the charter and by-laws authorizes such action. That is not, however, the case here.
The motion is granted to the extent of (1) granting summary judgment to the plaintiff on the supplemental complaint, declaring that the termination of the proprietary leases is invalid, and (2) enjoining defendant from terminating plaintiff’s proprietary lease. Insofar as judgment on the original complaint is sought, the motion is denied as academic in view of the defendant’s abandonment of its proposal to modify the existing leases.
The cross motion is granted to the extent of dismissing the original complaint and otherAvise denied. Settle order.